UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 3:06CV-11-H

FRANCINE PRESTON                                                      PLAINTIFF

V.

INTERSTATE HOTELS & RESORTS INC.                        DEFENDANTS
*et al.*

**MEMORANDUM OPINION**

Plaintiff Francine Preston ("Plaintiff" or "Preston") allegedly injured her finger at the

Seelbach Hotel in Louisville, Kentucky.  She filed this suit nearly two years after the injury in

the United States District Court for the Northern District of Illinois.  The court subsequently

transferred the case to this Court.  Defendants now have filed a motion for summary judgment,

asserting that the court in which the suit was originally filed lacked personal jurisdiction, that the

applicable Kentucky statute of limitations bars Plaintiff's claim, and that several of the

Defendants were improperly named as parties to this action in the first place.

What might be a fairly straightforward proposition becomes complicated due to the

unusual procedural history of the case.  The procedural history is important because it directs the

Court to the applicable statute of limitations, either Illinois' two-year statute of limitations, *see*

735 ILCS 5/13-202; or Kentucky's one-year statute of limitations.  *See* K.R.S. § 413.140(1)(a).

The choice between the two determines whether this case ends or goes forward.

## I.

A proper resolution of this case requires a careful understanding of its procedural history. Francine Preston, a resident of Illinois, was a guest at the Seelbach Hotel.  On February 8, 2003, she allegedly injured her finger between two doors in a hotel room at the Seelbach.  At the time of the accident, the Seelbach was owned by MeriStar Sub 5E, LLC, a Delaware limited liability company that is not a party to this lawsuit.  Many months later, in September or October 2003, MeriStar Sub 5E LLC conveyed its interest in the Seelbach to MeriStar Seelbach SPE LLC.

On February 4, 2005 – nearly two years after her alleged injury – Preston filed suit against four defendants in the United States District Court for the Northern District of Illinois. The four named defendants were MeriStar Seelbach SPE LLC; Interstate Hotels and Resorts, Inc.; MeriStar Hospitality Corporation; and Hilton Hotels Corporation (collectively "Defendants").  Prior to filing an answer to the complaint, Defendants moved to dismiss on statute of limitations grounds or, in the alternative, to transfer the case to the Western District of Kentucky, pursuant to 28 U.S.C. § 1404(a).  On December 14, 2005, the District Court for the Northern District of Illinois entered a one page order denying the motion to dismiss but granting the motion to transfer.  In its Order, the court specifically stated that the transfer was made pursuant to 28 U.S.C. § 1404(a).  Judge Moran also discussed Defendants' motion to dismiss on statute of limitations grounds:

> Defendants point out that Kentucky, where the incident occurred, has a one-year statute of limitations, and suit was filed almost two years later.  They rely upon 735 ILCS 5/13-210, which borrows the limitations statute of the state where the claim arose for out-of-state purposes.  But that provision does not apply to Illinois residents, *Miller v. Lockhart*, 98 Ill.2d 478, 457 N.E.2d 14 (1987), and plaintiff, we are told, was and is an Illinois resident.

*Preston v. Interstate Hotels and Resorts, Inc., et al.*, No 05-C-700 (N.D. Ill. Dec. 14, 2005).

2

After transfer to the Western District of Kentucky, Defendants filed an Answer with this Court on January 30, 2006, asserting a variety of defenses, including lack of personal jurisdiction and running of the statute of limitations.  On April 10, 2006, Defendants filed this motion for summary judgment with the Court.  After several stays and extensions, the parties completed some, but not all, the discovery.

## II.

Several potential dispositive issues loom over this case: whether some of the defendants are improper defendants in the first place, whether personal jurisdiction issues exist, and whether the statute of limitations has run for Plaintiff's claim, among others.  The Court will begin with the latter claim, which was the subject of Judge Moran's ruling and a portion of Defendants' motion for summary judgment.

Under ordinary circumstances, a federal district court sitting in diversity jurisdiction must apply the choice of law rules of the state in which it sits to assess which state's substantive law governs the tort claims.  *See Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496 (1941); *Anderson Dev. Co. v. Travelers Indem. Co.*, 49 F.3d 1128, 1131 (6th Cir. 1995).  Federal law allows cases to be transferred under the doctrine of *forum non conveniens.  See* 28 U.S.C. 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought").  Where a case is transferred pursuant to section 1404(a), the court "must apply the choice-of-law rules of the State *from which the case was transferred.*"  *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 243 n.8 (1981) (emphasis added). *See also Davidson & Jones Development Co. v. Elmore Development Co., Inc.*, 921 F.2d 1343, 1350 n.8 (6th Cir. 1991) (applying *Piper*).  Therefore,

3

assuming this case was transferred from the Northern District of Illinois via 28 U.S.C. § 1404(a), Illinois choice of law principles apply.  Judge Moran ably explored these choice of law issues and concluded that the two-year Illinois statute of limitations applied to this action.

However, Defendants argue that the transfer to this district could not have occurred via 28 U.S.C. § 1404(a) – the *forum non conveniens* statute – and instead argue that the transfer must have occurred via 28 U.S.C. § 1406(a), which allows a district court to transfer a case "laying venue in that wrong division or district" to "transfer such case to any district or division in which it could have been brought."  Defendants argue that this is so because a district court can transfer a case under 28 U.S.C. § 1404(a) only when it has personal jurisdiction over the defendant. Here, Defendants argue, the District Court for the Northern District of Illinois lacked personal jurisdiction over them.  This entire question is relevant because if the transfer was in fact made via 28 U.S.C. § 1406(a), the choice-of-law rules of the *transferee* court would apply, and therefore, applying Kentucky choice-of-law rules, the one-year Kentucky statute of limitations would most likely apply.  *See GBJ Corp. v. Eastern Ohio Paving Co.*, 139 F.3d 1080, 1085-86 (6th Cir. 1998).

Defendants have correctly identified the distinctions between transfers under § 1404(a) and § 1406(a).  A district court can transfer a case via 28 U.S.C. 1406(a) even when it lacks personal jurisdiction over the defendant.  *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466-67 (1962).  *See also Hapaniewski v. City of Chicago Heights*, 883 F.2d 576, 579 (7th Cir. 1989); *Taylor v. Love*, 415 F.2d 1118, 1120 (6th Cir. 1969).  However, the Sixth Circuit has held that a district court cannot consider a motion to transfer via 28 U.S.C. 1404(a) unless the court first has personal jurisdiction over the defendant.  *See Pittock v. Otis Elevator Co.*, 8 F.3d 325, 329 (6th

4

Cir. 1993); *Martin v. Stokes*, 623 F.2d 469, 474 (6th Cir. 1980).  *See also D.C. Micro*

*Development, Inc. v. Lange,* 246 F.Supp. 2d 705 (W.D. Ky. 2003).

      In a sense Defendants seek now to rewrite the history of this case.  Defendants moved

for, and were granted, transfer of the case under 28 U.S.C. § 1404(a).  Although the Court is

loath to say that Defendants have forfeited their right to contest personal jurisdiction, the proper

time to do so was in the United States Court for the Northern District of Illinois.  While under

the putative jurisdiction of that court, Defendants could have filed a motion to dismiss for lack of

personal jurisdiction or moved to transfer the case via 28 U.S.C. § 1406(a) for lack of personal

jurisdiction.  They did not.  Leaving aside altogether the question of whether personal

jurisdiction lay in the Northern District of Illinois over any or all Defendants, the Court

concludes that it cannot now unscramble the procedural omelet this case presents.  Although the

Sixth Circuit could reinterpret the nature of the transfer of this case from the Northern District of

Illinois, this court cannot and should not.  *See, e.g.*, *GBJ Corp.*, 139 F.3d at 1084-85 (reversing

the district court and finding that the case was transferred via the operation of 28 U.S.C. 1406(a),

not via the operation of 28 U.S.C. 1404(a)).  Defendants point to no cases where a district court

reinterpreted the nature of a transfer in this way, and certainly point to no case where the Sixth

Circuit – or any other circuit – approved of such a practice.

      It may seem odd that the law of a state applies that is probably without personal

jurisdiction over Plaintiff.  However, that is where the proper analysis leads based upon the

choices of the parties and the particular rulings already governing in this case.  Therefore, the

Court concludes the following: that the case was properly transferred to this Court via operation

of 28 U.S.C. § 1404(a); that, applying *Piper*, the choice-of-law rules of the *transferor* state

apply; that Judge Moran properly interpreted the relevant Illinois choice-of-law rules; and that the Illinois two-year statute of limitations for personal injury suits applies to this action. The Court will thus deny Defendants' motion for summary judgment as to their argument that the Kentucky statute of limitations applies and that the United States District Court for the Northern District of Illinois lacked personal jurisdiction over them.

### III.

One final matter remains for consideration: Defendants assert that Interstate Hotels & Resorts, Inc., MeriStar Hospitality Corporation, and Hilton Hotels Corporation should be dismissed from this suit because they neither owned nor managed the Louisville Seelbach. In support of this proposition, Defendants submit the Affidavit of Jerome Kraisinger, Vice President and Secretary of MeriStar Sub 5E LLC. While Mr. Kraisinger's Affidavit could be helpful as to the question of personal jurisdiction over MeriStar Sub 5E LLC and MeriStar SPE LLC in the Northern District of Illinois, it is certainly not dispositive on the question of liability as to the four defendants in this case. In fact, Paragraph 9 of Mr. Kraisinger's Affidavit seems to support the opposite conclusion as to one Defendant: it states that an affiliate of Interstate Hotels & Resorts *did* in fact manage and operate the Louisville Seelbach. Furthermore, Plaintiff's counsel has submitted an Affidavit indicating that discovery on the issue of liability has yet to be completed, and that he lacks sufficient information to respond to Defendants' motion as to liability. Therefore, the Court finds that summary judgment would be premature at this time and thus denies the remaining portion of Defendants' motion. However, the Court is willing to revisit this ruling should subsequent discovery show that Interstate Hotels & Resorts, Inc., MeriStar Hospitality Corporation, and/or Hilton Hotels Corporation were improperly named

Defendants to this lawsuit.

For all these reasons and the Court being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's motion for summary judgment is DENIED.

cc:     Counsel of Record